THE BRACKLEE COMPANY, Plaintiff, *v.* JOHN O'CONNOR, Defendant.

(Supreme Court, New York Trial Term, May, 1910.)

Bankruptcy — Composition proceedings — Effect.
Negligence — Actions — Right of action, defenses and pleading — Complaint — Allegations of negligence in general.
Pleading — Complaint or declaration — Statement of cause of action in general.

The title to all a bankrupt's property except such as is exempt or nontransferable vests in his trustee but only for the purpose of administration.

By force of the confirmation of a composition with a bankrupt's creditors, he not only obtains title to a dredging plant which was his prior to his adjudication as a bankrupt but to all rights under a lease thereof made by his trustee in bankruptcy; and it is immaterial whether the trustee has or has not been discharged.

Where the assignee of the bankrupt brings an action in such a case for rent and alleges due performance of the conditions of the lease by the trustee in bankruptcy, he need not allege a like performance on his part.

An allegation of the complaint that defendant negligently and carelessly damaged and injured certain personal property covered by the lease is good, though there is no allegation of the condition of said property at the time of its delivery to the defendant.

DEMURRER to amended complaint in an action for rent.

William A. Ferguson, in support of demurrer.

John C. Thomson, in opposition.

LEHMAN, J. The plaintiff's cause of action is based upon a lease of a dredging plant made by a bankrupt's trustee in bankruptcy with the defendant. The complaint sets forth the original ownership of the plant by James M. Briggs; the bankruptcy of Briggs; the vesting of title to the plant by reason of the bankruptcy in Miner, his trustee in bankruptcy; the lease by Miner as trustee to the defendant and

the delivery of the plant by the said trustee to the defendant; the due performance by the trustee of all the conditions to be performed by him and the non-payment of the rent by the defendant; the entry of an order confirming a composition offered by the bankrupt, the distribution of the composition and the consequent vesting of title in the bankrupt of the leased plant and of the debt and demand accruing to the trustee under the lease; and the subsequent assignment by the bankrupt to the plaintiff of the cause of action. The defendant demurs to this complaint on the ground that, since there is no allegation of an assignment by the trustee to the bankrupt and no allegation that the trustee has been discharged or the bankruptcy proceedings dismissed, there is nothing to show that the rights under the contract which accrued to the trustee ever vested in the bankrupt and through him in the plaintiff.

The Bankruptcy Law provides in section 70 (f), "Upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him," and in section 21 (g), "A certified copy of an order confirming a composition shall constitute evidence of the revesting of the title of his property in the bankrupt * * *." These sections clearly provide for the revesting of title to all his property in the bankrupt upon the confirmation of the composition agreement without any further act by the trustee or by the court. The defendant, however, claims that this does not transfer any rights to the contract which was made by the trustee and never was part of the bankrupt's property, and that all rights originally accruing to the trustee remain the trustee's until his discharge. I do not think that the Bankruptcy Law is open to this construction. An examination of the various sections, it seems to me, discloses an intent to vest title in the trustee upon his appointment to all the bankrupt's property, except property exempted or not transferable by the bankrupt, but only for the purpose of distribution to the creditors; and since before the confirmation of the composition the bankrupt must deposit subject to the order of the judge " the consideration to be paid by the bankrupt to his creditors, and the money necessary to

pay all debts which have priority and the cost of the proceedings " (§ 12 (b) ), the amount so deposited takes the place of the bankrupt's estate and the entire estate, its accretions and proceeds revest in the bankrupt. By force of the confirmation of the composition the bankrupt obtains title not only to the dredge which was previously his but to all the rights under the contract for the lease of the dredge. The whole intent of the composition is to place in the bankrupt's hands all the assets which the trustee has held for the benefit of the creditors and which form part of the bankrupt's estate, whether they belonged originally to the bankrupt or accrued to the trustee. It is quite immaterial whether the trustee has or has not been discharged, for, by the deposit of the consideration for the composition and the confirmation of the composition, he has ceased to have any control of the bankrupt's estate and even his fees are to be paid out of the amount deposited and not out of the estate.

The other points raised by the defendant require little consideration. The contract was made with Miner, as trustee; therefore, the defendant had notice of the bankruptcy proceedings. See also Bank v. Sherman, 101 U. S. 403, 406; Mueller v. Nugent, 184 id. 1, 14. Even if he had no notice of the revesting of title to the plant in the bankrupt, this would be immaterial, unless he paid his rent to the trustee; but the complaint alleges that he has paid no rent to any one. Nor need the complaint allege that the plaintiff duly performed all the conditions of the contract, since it alleges due performance by the original obligor. The plaintiff's fourth cause of action is also good because, while there is no allegation as to the condition of the instruments when delivered to the defendant, it does allege that " the defendant negligently and carelessly damaged and injured or permitted to be damaged or injured the said dynamo, volt meter and ampere meter by water or otherwise."

The demurrer must, therefore, be overruled,

Demurrer overruled.